**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| CARNELL GIBBS, | : | |
| | : | Civil Action No. 11-1137 (NLH) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GREG BARTKOWSKI, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Carnell Gibbs, <u>Pro Se</u>
407358/SBI 399805C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

James F. Smith
Atlantic County Prosecutor's Office
4997 Unami Boulevard
Mays Landing, NJ 08330
Attorney for Respondents

**HILLMAN, District Judge**

Petitioner, Carnell Gibbs, a prisoner confined at the New Jersey State Prison, Trenton, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Greg Bartkowski, Paula T. Dow, and Charles Warren. For the reasons stated herein, the petition will be dismissed, with prejudice, as time-barred.

**BACKGROUND**

According to the petition, Petitioner was convicted of first degree murder, possession of a handgun for an unlawful purpose, unlawful possession of a handgun, and conspiracy. His judgment of conviction, entered on June 2, 2000 in the Superior Court of New Jersey, Atlantic County, led to a sentence of fifty years with a thirty year period of parole ineligibility. The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed Petitioner's conviction on May 24, 2002.[1] The New Jersey Supreme Court denied Petitioner's petition for certification by order filed on October 21, 2002.

Petitioner filed a motion for post-conviction relief ("PCR") in the trial court on May 16, 2003.[2] PCR was denied on August 22, 2007. Petitioner filed an appeal to the PCR decision in Appellate Division on January 12, 2010. The Appellate Division affirmed on May 21, 2010. Petitioner then appealed to the New Jersey Supreme Court on June 2, 2010 and certification was denied on October 5, 2010.

---

[1] In his initial Petition, Petitioner lists this date as June 21, 2002. The May 24, 2002 date is taken from Petitioner's most recent filing.

[2] In his initial Petition, Petitioner lists this date as June 2, 2003. The May 16, 2003 date is taken from Petitioner's most recent filing.

Petitioner signed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the state court conviction for filing on February 9, 2011, and it was docketed by the Clerk of the Court on February 25, 2011.  He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), and an Order to Answer was issued.  On July 8, 2011, Petitioner filed his first motion to stay this matter (docket entry no. 11), claiming that he wishes to pursue nine previously unexhausted issues in state court.  None of those proposed claims were raised in the initial petition.  Petitioner states that those issues were recently discovered with the help of a paralegal at the prison.

On January 9, 2012, this Court entered a Notice and Order (docket entry no. 14) to deny Petitioner's first motion to stay, without prejudice to Petitioner filing a response which would include a properly supported motion to amend the petition to add new claims contained in the addendum to Petitioner's Motion to Stay, to equitably toll the statute of limitations, and to stay the petition, as amended.

Petitioner filed his response, including an amended Petition (docket entry no. 15), a request to proceed in forma

pauperis[3] (docket entry no. 16), and an Amended Motion for Stay and Abeyance (docket entry no. 17).  Petitioner's amended motion set forth his arguments as to why he believes that the Petition should be stayed, and provided further dates, as listed above, regarding the timeliness of the Petition.

## DISCUSSION

### A.   Pleading Standards

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### B.   The Petition is Time-Barred

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an

---

[3]Petitioner paid the filing fee on April 25, 2011.

>    application for a writ of habeas corpus in behalf of a
>    person in custody pursuant to the judgment of a State
>    court only on the ground that he is in custody in
>    violation of the Constitution or laws or treaties of
>    the United States.

28 U.S.C. § 2254(a).  A petitioner's ability to pursue the writ of habeas corpus is subject to various affirmative defenses, including the defense that the petition is time-barred.

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

>    (1) A 1-year period of limitations shall apply to an
>    application for a writ of habeas corpus by a person in
>    custody pursuant to the judgment of a State court. The
>    limitation period shall run from the latest of-
>
>        (A) the date on which the judgment became final
>        by the conclusion of direct review or the
>        expiration of the time for seeking such review;
>
>        (B) the date on which the impediment to filing an
>        application created by State action in violation
>        of the Constitution or laws of the United States
>        is removed, if the applicant was prevented from
>        filing by such State action;
>
>        (C) the date on which the constitutional right
>        asserted was initially recognized by the Supreme
>        Court, if the right has been newly recognized by
>        the Supreme Court and made retroactively
>        applicable to cases on collateral review; or
>
>        (D) the date on which the factual predicate of
>        the claim or claims presented could have been
>        discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application
>    for State post-conviction or other collateral review
>    with respect to the pertinent judgment or claim is

>    pending shall not be counted toward any period of
>    limitation under this section.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending" for tolling purposes.

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal

is never filed, Swartz, 204 F.3d at 420-24.[4] However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for

---

[4] To statutorily toll the limitations period pursuant to § 2244(d)(2), a state petition for post-conviction relief must be "properly filed." Artuz v. Bennett, 531 U.S. 4, 8-9 (2000); see also Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state PCR petition rejected as untimely under state statute of limitations was not "properly filed" for purposes of § 2244 (d)(2)).

the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  See Jones, 195 F.3d at 159; see also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

   Here, Petitioner's direct appeal concluded on October 21, 2002, and the last date in which Petitioner could have petitioned the United States Supreme Court for certiorari would have been January 19, 2003.  Thus, the conviction became "final" on that date.  Petitioner had one year, or until January 19, 2004, to file an application for a writ of habeas corpus in this Court.

Petitioner did file his PCR motion within that time period, on May 16, 2003, tolling the statute of limitations at that point with less than four months having run on the limitations period, and allowing over eight months still available before the expiration of the limitations period. PCR was denied on August 22, 2007, but Petitioner did not file his appeal to the PCR division in Appellate Division until January 12, 2010. Thus, even though Petitioner had approximately eight months left on his statutory limitations period at the time PCR was denied, he allowed the one year limitations period to run out well before he filed his appeal, which was not filed for over two years after PCR was denied.

Further, the Appellate Division affirmed on May 21, 2010, and Petitioner then quickly appealed to the New Jersey Supreme Court on June 2, 2010, but that short turnaround is of no consequence for the limitations analysis since the one year statutory period had previously been exhausted. Finally, after certification was denied on October 5, 2010, Petitioner did not signed the instant petition for filing until February 9, 2011, allowing even more time to run on the already elapsed limitations period.

In the January 9, 2012 Notice and Order, this Court afforded Petitioner the opportunity to address the timeliness issue. This Court has reviewed Petitioner's filings and finds that Petitioner asserts no facts that would indicate that his petition should be equitably tolled. Accordingly, this petition must be dismissed as time-barred. Since the Petition must be dismissed as time-barred, the Court will not address the issue of whether a stay would be appropriate.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find this Court's procedural ruling debatable.  Accordingly, no certificate of appealability shall issue.

## CONCLUSION

For the reasons set forth above, the request to proceed in forma pauperis is denied, the amended motion to stay is denied as moot, and the petition is dismissed with prejudice as time-barred.  An appropriate order follows.


At Camden, New Jersey                       s/ Noel L. Hillman
                                            Noel L. Hillman
                                            United States District Judge
Dated:  August 17, 2012