**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

CARNELL GIBBS,                    :
                                  : Civil Action No. 11-1137 (NLH)
          Petitioner,             :
                                  :
     v.                           :   **OPINION**
                                  :
GREG BARTKOWSKI, et al.,          :
                                  :
          Respondents.            :

**APPEARANCES:**

Carnell Gibbs, Pro Se
407358/SBI 399805C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

James F. Smith
Atlantic County Prosecutor's Office
4997 Unami Boulevard
Mays Landing, NJ 08330
Attorney for Respondents

**HILLMAN, District Judge**

Pending before this Court is a Motion for Reconsideration (docket entry 21) filed by Petitioner on September 12, 2012.

Respondents have not filed opposition to the motion. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion

will be denied, and the Clerk will be directed to close the file.

## BACKGROUND

According to the petition, Petitioner was convicted of first degree murder, possession of a handgun for an unlawful purpose, unlawful possession of a handgun, and conspiracy. His judgment of conviction, entered on June 2, 2000 in the Superior Court of New Jersey, Atlantic County, led to a sentence of fifty years with a thirty year period of parole ineligibility. The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed Petitioner's conviction on May 24, 2002.[1] The New Jersey Supreme Court denied Petitioner's petition for certification by order filed on October 21, 2002.

Petitioner filed a motion for post-conviction relief ("PCR") in the trial court on May 16, 2003.[2] PCR was denied on August 22, 2007. Petitioner filed an appeal to the PCR decision in the Appellate Division on January 12, 2010. The Appellate Division affirmed on May 21, 2010. Petitioner then appealed to

---

[1] In his initial Petition, Petitioner lists this date as June 21, 2002. The May 24, 2002 date is taken from Petitioner's most recent filing.

[2] In his initial Petition, Petitioner lists this date as June 2, 2003. The May 16, 2003 date is taken from Petitioner's most recent filing.

the New Jersey Supreme Court on June 2, 2010 and certification was denied on October 5, 2010.

Petitioner signed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for filing on February 9, 2011, and it was docketed by the Clerk of the Court on February 25, 2011.  He was advised of his rights pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), and an Order to Answer was issued.  On July 8, 2011, Petitioner filed his first motion to stay this matter (docket entry no. 11), claiming that he wished to pursue nine previously unexhausted issues in state court. None of those proposed claims were raised in the initial petition.  Petitioner stated that those issues were recently discovered with the help of a paralegal at the prison.

On January 9, 2012, this Court entered a Notice and Order (docket entry no. 14) denying Petitioner's first motion to stay, without prejudice to Petitioner filing a response which would include a properly supported motion to amend the petition to add new claims contained in the addendum to Petitioner's Motion to Stay, to equitably toll the statute of limitations, and to stay the petition, as amended.

Petitioner filed his response, including an amended Petition (docket entry no. 15), a request to proceed in forma

pauperis[3] (docket entry no. 16), and an Amended Motion for Stay and Abeyance (docket entry no. 17).  Petitioner's amended motion set forth his arguments as to why he believed that the Petition should be stayed, and provided further dates, as listed above, regarding the timeliness of the Petition.

On August 20, 2012, this Court entered an Opinion and Order dismissing this matter as time-barred and denied Petitioner's Amended Motion for Stay and Abeyance as moot.  Petitioner then filed this Motion for Reconsideration on September 12, 2012.

## DISCUSSION

In his motion, Petitioner attempts to reassert his stance that the Petition is not time-barred.  However, he presents no new evidence to support this contention.

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999).  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court for matters "which [it] believes the Judge . . . has overlooked" when it ruled on the motion.

---

[3]Petitioner paid the filing fee on April 25, 2011.

See L. Civ. R. 7.1(i); see also NL Indus., Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for re-argument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L. Civ. R. 7.1(i).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. Nat'l Collegiate Athletics Ass'n, 130 F. Supp.2d 610, 612; see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,

reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  See Bowers, 130 F. Supp.2d at 613.  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l v. Greate Bay Hotel & Casino, Inc., 830 F. Supp. 826, 831 n.3 (D.N.J. 1992).  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 WL 205724, at *3 (D.N.J. Oct. 6, 1989).

Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612; see also NL Industries, Inc., 935 F. Supp. at 513 ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."

<u>Tishcio v. Bontex, Inc.</u>, 16 F. Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, this Court has reviewed Petitioner's motion for reconsideration, and finds that the arguments presented by Petitioner appear to be an attempt to re-litigate issues previously raised by Petitioner in this matter.  Petitioner asks the Court to reconsider its ruling regarding timeliness. However, this issue was previously examined and considered by this Court in its Opinion.  This Court finds nothing in its application of law or legal conclusions made in the August 2012 Opinion to warrant reconsideration.

Petitioner does not point to any "new" or "overlooked" factual or legal issues that may alter the disposition of the matter, as required in a motion for reconsideration.  This Court finds that Petitioner fails to present any new facts or evidence, or even "overlooked" facts or legal issues, to satisfy the threshold for granting reconsideration.

Further, Petitioner has not presented the Court with changes in controlling law, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice in this instance.  He may not use a motion

for reconsideration to re-litigate a matter that has been previously adjudicated by this Court.

## CONCLUSION

Therefore, for the reasons expressed above, Petitioner's motion is denied for lack of merit.  An appropriate Order follows.

At Camden, New Jersey          s/ Noel L. Hillman
                               Noel L. Hillman
                               United States District Judge
Dated:  March 18, 2013