```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
CARNELL GIBBS,                      :
                                    :
          Petitioner,               :   Civ. No. 11-1137 (NLH)
                                    :
     v.                             :   OPINION
                                    :
GREG BARTKOWSKI, et al.,            :
                                    :
          Respondents.              :
_____ :
```

APPEARANCES:
Carnell Gibbs, #407358/SBI 399805C
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
    Petitioner, Pro se

John J. Santoliquido
Office of the Prosecutor
4997 Unami Blvd.
P.O. Box 2002
Mays Landing, NJ 0833
    Counsel for Respondents


HILLMAN, District Judge

    This matter is presently before the Court to address a Motion to Stay (ECF No. 44) filed by Petitioner Carnell Gibbs. Also pending is Petitioner's request to amend his Petition and a request for the appointment of pro bono counsel. (ECF No. 43). For the reasons set forth below, Petitioner's request to amend, request for pro bono counsel, and the Motion to Stay will be DENIED.

I.     PROCEDURAL HISTORY

Petitioner, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2000 New Jersey state court conviction. (ECF No. 1).  On August 20, 2012, this Court dismissed the Petition on as time-barred under 28 U.S.C. § 2244(d)(1)(A). (ECF No. 19).  The case was reopened to address Petitioner's motion for reconsideration, which the Court denied, and the case was again dismissed on March 18, 2013. (ECF No. 24).  Petitioner appealed and, on April 17, 2015, the appellate court determined that the Petition was not time-barred, vacated this Court's March 18, 2013 judgment, and remanded this matter for further proceedings. (ECF No. 40).  On June 8, 2015, this Court issued an Order reinstating the action in accordance with the Mandate of the Third Circuit (ECF No. 46) and Respondents were required to file an Answer (ECF No. 42).

On May 28, 2015, Petitioner filed a series of letters. (ECF Nos. 42-44).  By way of these letters, Petitioner requests the appointment of pro bono counsel.[1]  He also seeks to amend his Petition to assert nine additional grounds for relief.  However, Petitioner concedes that the additional grounds are unexhausted;

---

[1] Specifically, Petitioner requests a "pool attorney." (Letter 2, May 28, 2015, ECF No. 43).  The Court construes this request as a request for the appointment of pro bono counsel.

therefore, he filed a Motion to Stay so that he can properly exhaust these claims before the state court.  Respondents oppose Petitioner's Motion to Stay (ECF No. 50), and have filed an Answer to the Petition (ECF No. 51).  Petitioner submitted a Letter Memorandum (ECF No. 56) in support of his Motion to Stay, and in response to Respondents' Answer to the Petition.

## II.  DISCUSSION

### A. Pro Bono Counsel

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997) (noting no statutory or constitutional right of counsel conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991) ("There is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings."), superseded on other grounds by statute, 28 U.S.C. § 2254(d).  However, counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see also 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim. See Dime v. Aviles, No. 15-1410, 2015 WL 1114143, at *1 (D.N.J. Mar. 10, 2015) (citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991)) (other citations omitted). Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts. See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997)) (other citations omitted). "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not abuse its discretion in declining to appoint counsel." Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992) (stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

Even assuming that the instant Petition presents meritorious, non-frivolous claims, the Court finds that the appointment of counsel at this time will not benefit the Court and Petitioner.  In reviewing the docket of this case and the content of Petitioner's submissions, it appears that Petitioner has "a good understanding of the issues and the ability to present forcefully and coherently his contentions." Dime, No. 15-1410, 2015 WL 1114143, at *1 (quoting La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987)).  Petitioner has concisely presented his grounds for relief and he has provided facts in support of each ground.  Through his requests and motions, Petitioner has demonstrated an understanding of the procedural requirements, including exhaustion, and his submissions include citations to relevant case law.

Finally, the Court notes that the procedural history of this case is not in dispute and the overall allegations of the Petition do not appear to be either factually or legally complicated.  The record provided by Respondents should provide the Court with the information needed to resolve this case.

Therefore, the Court denies Petitioner's application to appoint counsel, without prejudice, as it does not appear that the appointment of counsel would benefit both Petitioner and the Court at this time.  In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered

either sua sponte by the Court or upon a motion properly filed by Petitioner. See e.g., Saunders v. Warren, No. 13-2794, 2014 WL 6634982, at *3 (D.N.J. Nov. 21, 2014) (denying without prejudice motion for the appointment of pro bono counsel); Laster v. Samuels, No. 06-6017, 2007 WL 2300747, at *1 (D.N.J. Aug. 6, 2007) (same).

    B. Motion to Stay

        1. Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions") so as to allow the State courts the first opportunity to address the petitioner's constitutional claims. Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 3344(d). See Crews, 360 F.3d at 151 ("AEDPA's

6

limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required") (citing Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001)). Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." See Crews, 360 F.3d at 151.

The Supreme Court likewise has acknowledged there could be circumstances where dismissal of a mixed petition for exhaustion would result in the one-year habeas statute of limitations expiring before the petitioner was able to return to federal court. See Rhines v. Weber, 544 U.S. 269, 272-73 (2005).  The Court held that, in limited circumstances, district courts have discretion to hold a habeas proceeding in stay and abeyance while the petitioner exhausts his unexhausted claims in state court. Id. at 277.  A stay and abeyance is available only when the petitioner had good cause for failing to exhaust his claims; and only if the claims have potential merit. Id. at 277-78.

2. Analysis

In this case, Petitioner seeks a stay and abeyance so that he can return to state court and exhaust an additional nine claims for relief. (Mot. 5, ECF No. 44).  Petitioner lists the nine additional grounds for relief in an attachment to one of

7

his May 26, 2015 letters. (Letter 3, 5, May 28, 2015, ECF No. 45). However, Petitioner's Motion is devoid of any argument demonstrating "good cause" for why he has failed to exhaust these claims. More specifically, Petitioner does not explain why these claims were not, or could not have been, previously exhausted.

In his Motion, Petitioner does not provide any reason for his failure to bring these claims in his state court proceedings. Instead, Petitioner simply states that these new claims were discovered, "with the help of a paralegal here at the prison and petitioner pouring over the trial transcripts[.]" (Mot. 5, ECF No. 44). This statement, alone, is insufficient to establish the "good cause" required by <u>Rhines</u>.

Moreover, the Court notes that many of the claims Petitioner wishes to exhaust in state court, and add to his Petition, are plainly without merit. Specifically, in claims 2-6, and 8 Petitioner asserts, in part, that he was deprived of effective assistance of counsel in his Post-Conviction Relief ("PCR") hearings.[2] (Letter 3, 5, ECF No. 45). However,

---

[2] In Claim Two Petitioner alleges that his PCR counsel was ineffective for failing to raise a claim that his trial lawyer gave erroneous advice related to sentencing; in Claim Three Petitioner alleges, in part, that his PCR counsel was ineffective for failing to investigate why Petitioner was not able to be present at the PCR hearing; in Claim Four Petitioner states that his PCR counsel was ineffective for failing to raise obviously meritorious issues; in Claim Five Petitioner states

allegations regarding ineffective assistance of PCR counsel do not state a claim on federal habeas review. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Coleman v. Thompson, 501 U.S. 722, 752-53, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (holding no constitutional right to counsel in state post-conviction relief proceedings and, consequently, no federal habeas relief for ineffective assistance of counsel in state post-conviction relief proceedings); Taylor v. Horn, 504 F.3d 416, 437 n. 17 (3d Cir. 2007) (same).

Claim Seven, likewise, appears to be without merit. In Claim Seven, Petitioner asserts that his constitutional rights were violated because consecutive sentences were imposed based on the sentencing judge's findings of fact by a preponderance of the evidence. (Letter 3, ECF No. 45). The Court construes this

---

that his PCR counsel was ineffective for failing to raise an issue relating to the state's failure to provide Petitioner's independent expert with the seventh shell casing, and for failing to submit Petitioner's independent expert's report into evidence; in Claim Six Petitioner asserts that PCR counsel was ineffective for failing to raise an issue with the fact that one of the defense witnesses at trial was wearing prison clothing; finally, in Claim Eight, Petitioner implies, generally, that his PCR counsel was deficient and he asks that his case be remanded with instructions that new PCR counsel be appointed. (Letter 3, 5, ECF No. 45).

claim as asserting an argument under the Apprendi[3] line of cases, which address improper sentencing based on factors not found by a jury. See, e.g., Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (holding that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt).  As an initial matter, this claim is nearly identical to a claim Petitioner previously raised before the PCR court, see (PCR Opinion 7, ECF No. 51-28), and which appears in his Amended Petition as his thirteenth ground for relief, see (Am. Pet. 24, ECF No. 15).  Therefore, this claim appears to be exhausted and will be addressed at the time the Court addresses the merits of the Amended Petition.

   Moreover, "the Court of Appeals for the Third Circuit generally has held that the rules announced in the Apprendi line of cases are not applicable retroactively to cases on federal collateral review." Pena v. Balicki, No. 08-0360, 2009 WL 260786, at *5 (D.N.J. Feb. 4, 2009) (collecting cases and discussing Blakely); see also State v. Natale, 184 N.J. 458, 878 A.2d 724 (2005) (holding that the rules established in the

---

[3] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

10

Apprendi line of cases applied retroactively only to cases in the pipeline as of the date of this decision, i.e., to defendants with cases pending on direct appeal and to those defendants who raised Blakely claims at trial or on direct appeal).  Petitioner's sentence was affirmed by the court of appeals in 2003, see State v. Gibbs, No. A-0758-02 (App. Div. June 9, 2003) (unpublished), before the rules of law established in Blakely and Natale.  Accordingly, to the extent Petitioner means to assert a new claim based on the Apprendi line of cases, such a claim would lack merit because the rules of law established in these cases do not apply retroactively.

Further, as Respondents point out, Claim Nine is simply an assertion that Petitioner's claims are not procedurally-barred or time-barred.  Thus, it does not present a claim for federal habeas relief.

Remaining, then, is Claim One — in which Petitioner alleges ineffective assistance of trial counsel due to counsel's failure to advise him of his possible sentencing exposure. (Letter 3, ECF No. 45).  However, as discussed above, Petitioner offers no explanation for why he was unable to exhaust this claim sooner.  Because this claim relates to his trial counsel's performance during — or prior to — trial, this claim should have been known to Petitioner when he first brought his state PCR petition, which included other claims of ineffective assistance of

11

counsel. This Court also notes that Petitioner filed pro se supplemental briefs with the state courts and, thus, could have raised this claim on his own. Petitioner has failed to show good cause for his failure to exhaust this claim.

Furthermore, Petitioner does not offer any supporting facts or elaborate upon the claims he seeks to add. Therefore, in addition to the fact that Petitioner has not adequately explained his failure to exhaust, Petitioner has likewise not shown that any of these claims have potential merit. Accordingly, a stay is not warranted and Petitioner's request to amend his Petition to add the nine unexhausted claims is denied.[4]

### III. CONCLUSION

For the foregoing reasons, Petitioner's request for pro bono counsel and request to amend his Petition (ECF No. 43) is

---

[4] Leave to amend under Rule 15(a) should be "freely given when justice so requires." FED. R. CIV. P. 15(a); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, . . . , futility of amendment, etc. — [leave to amend] should be 'freely given.'"). In this case, as discussed above, the claims Petitioner seeks to add are either lacking in merit, or could have been raised in earlier state proceedings, prior to filing this habeas Petition. In light of the futility of amendment and Petitioner's undue delay in exhausting these claims, amendment will be denied. See, e.g., Burgos v. Ricci, No. 08-5892, 2012 WL 933205, at *13 (D.N.J. Mar. 19, 2012) (finding that amendment would be inappropriate, in part, due to petitioner's undue delay in failing to exhaust claims before state court).

DENIED.  Petitioner' Motion to Stay (ECF No. 44) is likewise DENIED.  Petitioner has filed a Letter Memorandum in support of his Petition (ECF No. 56) and briefing is now complete.  The Court will rule on the Petition in due course.

    An appropriate Order will be entered.

                                          ___s/ Noel L. Hillman_____
                                          NOEL L. HILLMAN
                                          United States District Judge
Dated: November 19, 2015
At Camden, New Jersey