```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                              |   |                      |
|------------------------------|---|----------------------|
| CARNELL GIBBS,               | : | Civ. No. 11-1137 (NLH) |
|                              | : |                      |
|     Petitioner,              | : |                      |
|                              | : | OPINION              |
|     v.                       | : |                      |
|                              | : |                      |
| GREG BARTKOWSKI, *et al.*,   | : |                      |
|                              | : |                      |
|     Respondents.             | : |                      |

APPEARANCES:
Carnell Gibbs
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
     Petitioner, pro se

John J. Santoliquido, Esq.
James F. Smith, Esq.
Atlantic County Prosecutor's Office
4997 Unami Boulevard
Mays Landing, NJ 08330
     Counsel for Respondents

HILLMAN, DISTRICT JUDGE

Pending before this Court is Petitioner Carnell Gibbs' ("Petitioner") Motion to File Reconsideration as Within Time. ECF No. 68. Also pending is Petitioner's Motion for Reconsideration, id., of this Court's Opinion and Order denying habeas relief under 28 U.S.C. § 2254. ECF Nos. 66, 67. Respondents have not filed an opposition. For the reasons stated below, the Motion to File Reconsideration as Within Time is GRANTED, and the Motion for Reconsideration is DENIED.

I.  **Procedural History**

On February 9, 2011, Petitioner filed a habeas petition with the Court. ECF No. 1. The Court dismissed the Petition as time-barred under 28 U.S.C. § 2244(d). ECF Nos. 18, 19. Petitioner filed a motion for reconsideration, which the Court denied. ECF No. 24. Petitioner appealed to the Third Circuit Court of Appeals, which vacated the Court's judgment and remanded the matter for further proceedings. ECF No. 40. On April 30, 2018, the Court denied Petitioner's habeas Petition on the merits. ECF Nos. 66, 67. On May 15, 2018, Petitioner filed the instant Motions with the Court.[1] ECF No. 68. Petitioner also requests that the Court appoint him pro bono counsel and issue a certificate of appealability.

II.  **DISCUSSION**

A. Standard

Whether brought pursuant to Federal Rule of Civil Procedure 59(e), or pursuant to Local Civil Rule 7.1(i), the scope of a motion for reconsideration is extremely limited, and such motions should only be granted sparingly. Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (discussing Rule 59(e)); see also

---

[1] With respect to Petitioner's Motion to File Reconsideration as Within Time, Petitioner explains that he was not given immediate access to the prison law library. (ECF No. 68 at 6.) The Court will permit Petitioner file his Motion for Reconsideration as within time.

Delanoy v. Twp. Of Ocean, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (discussing Local Civil Rule 7.1(i)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." Delanoy, 2015 WL 2235103 at *2 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); see also Blystone, 664 F.3d at 415 (applying same standard to 59(e) motions). In the context of a reconsideration motion, manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. Brown v. Zickefoose, No. 11-3330, 2011 WL 5007829, at *2, n.3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters, raise new arguments, or present evidence or allegations that could have been raised prior to entry of the original order. Delanoy, 2015 WL 2235103 at *2. As such, courts should grant a motion for reconsideration only where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." Id.

B. <u>Analysis</u>

In his Motion for Reconsideration, Petitioner appears to present one argument, that the Court overlooked his claim that PCR counsel was ineffective in connection with his decision not to use information obtained from a ballistics expert. ECF No. 68 at 20-29. In support of his argument, Petitioner explains that PCR counsel obtained a ballistics expert to conduct testing on the State's ballistic evidence. ECF No. 68 at 22. He alleges that the State only turned over six of the seven bullets found at the crime-scene. <u>Id.</u> He further asserts that the expert report provided by the ballistics expert was inconclusive as to whether all the bullets found at the crime scene were from the same gun. <u>Id.</u> He explains that this finding contradicted the State's expert's factual findings which concluded that the bullets were all fired from the same gun. <u>Id.</u> at 21. He claims that PCR counsel was ineffective in failing to alert the PCR court of these matters. <u>Id.</u> at 24.

With respect to this argument, the Court highlights that this claim is unexhausted and was never raised in Petitioner's habeas petition. Instead, it was raised in a motion to stay his habeas petition, ECF No. 43, which was denied by this Court on November 23, 2015. ECF No. 57.

As relevant background, on May 26, 2015, Petitioner filed a motion to stay his habeas petition, to exhaust in state court an

4

additional nine claims for relief.[2] ECF Nos. 43, 44. Together with his motion to stay, Petitioner filed a motion to amend his habeas petition. The list of nine unexhausted claims were attached to a letter filed with the Court that same day. ECF No. 45 at 3-5. Specifically, claim number five of that list appears identical to the claim he now raises in his Motion for Reconsideration. Number five reads:

> PCR counsel was ineffective for not raising defendant's claim after counsel never submitted into evidence the independent expe[r]t report stating that 3 of the 6 bullet's that had been sen[t] to him came from another gun and to say about the 7 bullet that was never sen[t] to him, after the state expe[r]t witness report's stated all 17 teen cases and 7 bullet's came [from] the same gun, PCR counsel independent expe[r]t never received the 7 shelling.

ECF No. 45 at 3 (capitalized in original).

On October 23, 2015, this Court denied Petitioner's motions to stay and amend his habeas petition. ECF No. 57. This Court explained in relevant part:

> Petitioner's Motion [to Stay] is devoid of any argument demonstrating "good cause" for why he has failed to exhaust these claims. More specifically, Petitioner does not explain why these claims were not, or could not have been, previously exhausted.

---

[2] The Court notes that this was the second motion to stay filed by Petitioner. The first motion to stay was denied by the Court as moot. ECF Nos. 18, 19. After the Third Circuit's remand Order, Petitioner filed an identical motion to stay. ECF Nos. 43, 44.

5

> In his Motion [to Stay], Petitioner does not provide any reason for his failure to bring these claims in his state court proceedings. Instead, Petitioner simply states that these new claims were discovered, "with the help of a paralegal here at the prison and petitioner pouring over the trial transcripts[.]" (Mot. 5, ECF No. 44). This statement, alone, is insufficient to establish the "good cause" required by <u>Rhines [v. Weber</u>, 544 U.S. 269 (2205)].
>
> . . .
>
> Furthermore, Petitioner does not offer any supporting facts or elaborate upon the claims he seeks to add. Therefore, in addition to the fact that Petitioner has not adequately explained his failure to exhaust, Petitioner has likewise not shown that any of these claims have potential merit. Accordingly, a stay is not warranted and Petitioner's request to amend his Petition to add the nine unexhausted claims is denied.

ECF No. 57 at 8, 12.

This Court further explained:

> Leave to amend under Rule 15(a) should be "freely given when justice so requires." FED. R. CIV. P. 15(a); <u>see also Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, . . . futility of amendment, etc. — [leave to amend] should be 'freely given.'"). In this case . . . the claims Petitioner seeks to add are either lacking in merit, or could have been raised in earlier state proceedings, prior to filing this habeas Petition. In light of the futility of amendment and Petitioner's undue delay in exhausting these claims, amendment will be denied. <u>See, e.g., Burgos</u>

6

>     v. Ricci, No. 08-5892, 2012 WL 933205, at
>     *13 (D.N.J. Mar. 19, 2012) (finding that
>     amendment would be inappropriate, in part,
>     due to petitioner's undue delay in failing
>     to exhaust claims before state court).

Id. at 12, n.4.

Thus, insofar as Petitioner alleges that this Court overlooked his argument related to the alleged ineffective assistance of PCR counsel, he is incorrect. Instead, as demonstrated above, the Court specifically excluded that argument from being presented to the Court for habeas review, when it denied Petitioner's motions to stay and amend his habeas petition. Therefore, because Petitioner has not shown that the Court overlooked his claim, he has not provided a basis for reconsideration.[3] Accordingly, the Motion for Reconsideration is denied.[4]

---

[3] To the extent Petitioner is asking this Court to reconsider the Court's November 23, 2015 Order, ECF No. 58, denying Petitioner's motions to stay and amend his habeas petition, that argument is out of time. See L. CIV. R. 7.1(i) ("a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment."); see also FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[4] Because the Court finds that the appointment of counsel will not benefit Petitioner or the Court, his request for pro bono counsel is denied. See Dime v. Aviles, No. 15-1410, 2015 WL 1114143, at *1 (D.N.J. Mar. 10, 2015) (citing Reese v. Fulcomer, 946 F.2d 247, 263–64 (3d Cir. 1991)) (explaining what a court should consider in granting or denying a request for the appointment of pro bono counsel.)

III. **CONCLUSION**

For the reasons stated above, Petitioner's Motion to File Reconsideration as Within Time is GRANTED. Petitioner's Motion for Reconsideration of this Court's denial of habeas relief is DENIED. An appropriate order follows.

Dated: June 29, 2018			s/ Noel L. Hillman
At Camden, New Jersey			NOEL L. HILLMAN, U.S.D.J.

---

Similarly, because jurists of reason would not disagree with the Court's April 30, 2018 Opinion denying habeas relief, ECF No. 66, or the instant Opinion denying reconsideration, the Court will not grant a certificate of appealability. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).